IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.  No.: 07-cr-20313-Ml

**STEVEN C. HANEY**

ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant's Motion to Suppress (D.E. 46), filed October 8, 2008 and supplemented January 7, 2009 (D.E. 65). The government responded on October 24, 2008 (D.E. 56). The Court held a hearing on this motion on January 8, 2009. For the reasons that follow, Defendant's Motion is GRANTED.

I. Background

On July 13, 2007, the Shelby County Criminal Court issued a search warrant for Defendant's residence at ███ ███████ Cordova, Tennessee. The warrant sought "any photographic images of nude boys and any electronic devices capable of recording, storing, or transmitting a photographic image . . . ." (D.E. 65 Ex. 1.) The affiants attested that the alleged victim, M████ B██████, stated: (1) Defendant was sexually involved with the victim,

1

knowing the victim was as minor; (2) Defendant took nude photographs of the victim while the victim was a minor; (3) the victim observed the nude photographs on Defendant's digital camera; and (4) some of the sexual encounters occurred at the place to be searched, Defendant's residence.  (Id.; see also Mem. in Supp. of Def.'s Mot. to Suppress 1.)  The affidavit also asserted that Defendant was recorded admitting to sexual encounters with the minor victim.  (D.E. 65 Ex. 1.)  Police searched Defendant's residence on July 13, 2007, after the warrant issued.[1]

Defendant moves to suppress evidence seized during the search on the grounds that the search warrant was deficient.  Defendant argues that the affidavit did not establish probable cause because (1) it did not attest to the victim's basis of knowledge that nude photographs would be found at Defendant's residence; (2) it did not disclose when the victim allegedly observed the nude photographs on Defendant's digital camera or when the photographs were allegedly taken; and (3) it did not state a nexus between Defendant's residence and the nude photographs.

---

[1] A second search warrant, dated July 24, 2007, indicates that the search of Defendant's home occurred on July 12, 2007, one day before the issuance of the first warrant.  It became clear at the hearing, however, that the search actually occurred on July 13, 2007, after the first warrant issued.  The second warrant is not invalidated by this scrivener's error.

2

II. Analysis

For the reasons that follow, the Court concludes that the search warrant was "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable." United States v. Leon, 468 U.S. 897, 923 (1984).

    a. Probable Cause

"A warrant must be supported by 'facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause *at that time*.'" United States v. Hython, 443 F.3d 480, 485 (6th Cir. 2006) (quoting Sgro v. United States, 187 U.S. 206, 210 (1932)) (emphasis in Hython). There is no "arbitrary time limitation" within which facts must be presented to the magistrate. United States v. Henson, 848 F.2d 1374, 1382 (6th Cir. 1988). Rather, "[t]he expiration of probable cause is determined by the circumstances of each case and depends on the inherent nature of the crime." Hython, 443 F.3d at 485 (citing Sgro, 287 U.S. at 210-11); see also United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998) (listing factors relevant to the staleness inquiry).

In the absence of *any* evidence of the passage of time, a court is incapable of determining whether probable cause exists. See Hython, 443 F.3d 480, 486 ("Because probable

cause has a durational aspect, at least some temporal reference point is necessary to ascertain its existence."). The affidavit in this case failed to provide a temporal reference point and therefore failed to establish that evidence of child pornography was likely to be found at Defendant's residence *at the time the warrant issued*.

The government argues that passage of time is less significant in this case because it involves "continuous criminal activity." (Gov't Resp. 3-4.) There is nothing in the affidavit, however, to indicate that Defendant took or possessed nude photographs of minors on more than one occasion or that Defendant's activities were part of an ongoing criminal enterprise. Cf. United States v. Greene, 250 F.3d 471, 481 (6th Cir. 2001) (evidence of continuous, ongoing drug trafficking at the location supported finding probable cause); United States v. Paull, 2009 WL 48212 at *4 (6th Cir. January 9, 2009) (finding probable cause to search for evidence of child pornography where affidavit alleged that defendant subscribed to multiple child pornography websites over the course of two years).

The government also argues that "the warrant should not be deemed stale because the nude photographs sought to be seized will remain stored on the Defendant's digital media . . . ." (Gov't Mem. 3-4.) The passage of time is

less significant in child pornography cases because "the crime is generally carried out in the secrecy of the home and over a long period," Paull, 2009 WL 48212 at *4, and the evidence sought – nude photographs of minors and digital media storage devices - are likely to be kept for a long time, United States v. Wagers 452 F.3d 534, 540 (6th Cir. 2006) ("[E]vidence that a person has visited or subscribed to websites containing child pornography supports the conclusion that he has likely downloaded, kept, and otherwise possessed the material."); see also United States v. Fossum, 2007 WL 2159502 at *5 (D. Minn. July 25, 2007) (collecting cases and finding that Circuits are "apparent[ly] unanimous . . . that child pornographers hoard their images of child pornography for lengthy periods of time").

    The fact that the nature of child pornography makes the passage of time *less significant* than the passage of time in other cases does not obviate the need to include *some* indication of time in the affidavit in order to establish probable cause. The problem with the warrant is not that too much time passed between Defendant taking the nude photographs (or the victim observing them) and the issuance of the warrant. The affidavit is deficient because it gave *no indication* of when the nude photographs

5

were allegedly taken or when the victim allegedly saw the images on Defendant's digital camera. In the absence of any temporal reference point, the affidavit failed to establish probable cause to believe that evidence of child pornography would be found at Defendant's residence at the time the warrant issued.

    b. *Leon* and the Good Faith Rule

Pursuant to United States v. Leon, the exclusionary rule does not "bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." 468 U.S. 897, 905 (1984). Where an affidavit is "devoid of information that would support a probable cause determination, making any belief that probable cause exists completely unreasonable," the exclusionary rule applies and the evidence must be suppressed. United States v. Czuprynski, 46 F.3d 560, 563-64 (6th Cir. 1995) (citing Leon, 468 U.S. at 905). "The showing required to establish that reliance was 'objectively reasonable' is less than the 'substantial basis' showing required to establish probable cause." United States v. Hython, 443 F.3d 480, 484 (6th Cir. 2006) (citing United States v. Carpenter, 360 F.3d 591, 595 (6th Cir. 2004) (en banc)). The Court concludes, however, that

6

reliance on the search warrant was not "objectively reasonable."

In Hython, the Sixth Circuit held that reliance on the deficient warrant was not objectively reasonable because "[w]ithout a date or even a reference to 'recent activity,' etc., there is absolutely no way to begin measuring the continued existence of probable cause." 443 F.3d at 487. The supporting affidavit in Hython described a controlled buy at Hython's residence but did not specify the date on which the purchase took place or any other indications of timing. Id. at 482-83. The district court found the warrant deficient on staleness grounds but applied the good faith exception to deny the motion to suppress. Id. at 483. The Sixth Circuit reversed, concluding that "[n]o well-trained officer could have reasonably relied on a warrant issued on the basis of this affidavit." Id. at 489. The Court reasoned as follows:

> The South Fifth Street transaction is not dated, and the affidavit contains no indication of ongoing investigation, subsequent or previous controlled buys, or further surveillance . . . . Any of these things might serve to establish that the house was the site of an ongoing criminal enterprise, or ground the undated controlled buy within a finite period of investigation. However, without any of these elements, the affidavit is patently insufficient.

Id. at 488-89.[2]

In this case, as in Hython, the events described in the affidavit were not dated. Nothing in the affidavit indicates that Defendant took nude photographs of minor boys on more than one occasion or that Defendant's home was the base for an ongoing pornography enterprise. See Hython, 443 F.3d at 486. Accordingly, the affidavit was patently insufficient and could not reasonably have been relied on to establish probable cause for the search. Having concluded that the evidence must be suppressed based on Defendant's "staleness" argument, the Court need not address Defendant's "nexus" and "basis of knowledge" arguments.

III. Conclusion

Defendant's Motion to Suppress is GRANTED.

SO ORDERED this 20th day of January, 2009.

/s/ JON P. McCALLA
United States District Judge

---

[2] The Court rejected the argument that a reasonable officer could assume that the affidavit described recent events based on the usual police practice of obtaining warrants immediately after controlled buys. Id. at 489 ("This inference connects an event in the affidavit with an insufficiently substantiated assumption about police practice and, as such, is not a valid basis for rescuing the warrant.").